**VEGA et al. v. CABRERA.**

Civ. No. 4637.

District Court, Puerto Rico.

April 22, 1947.

Juan Hernandez Valle and Manuel Janer Mendia, both of San Juan, P. R., for plaintiffs.

Charles R. Hartzell and Rafael O. Fernandez, both of San Juan, P. R., for defendant.

COOPER, District Judge.

### Statement of the Case.

Plaintiffs sue the defendant for additional compensation alleged to be due them under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. According to the complaint the periods for which the claim is made are as follows: For plaintiff Jose Vega from October 24, 1938, to April 6, 1942; for plaintiff Jacinto Gutierrez from November 1, 1939, to April 6, 1942; and for plaintiff Juan Vega Tirado from November 6, 1939, to April 6, 1942.

The trial of the case began on December 12, 1946, and further hearings were held on December 16, 1946, and January 31, 1947, for the reception of evidence.

### Findings of Fact.

I. During the periods alleged in the complaint the plaintiffs worked for the defendant irregularly, from time to time, in the transportation of goods and materials between different places in Puerto Rico.

II. During the said periods the plaintiffs worked for the defendant in the transportation of goods or materials in interstate commerce but such transportation was sporadic.

### Conclusions of Law.

1. Plaintiffs did not show by a preponderance of evidence that any sums were due to them by the defendant under the Fair Labor Standards Act.

### Opinion.

The decision of this case depends on a consideration of the evidence produced by the parties, which I will discuss briefly:

The testimony of the plaintiffs and of the witnesses produced on their behalf is not only vague and inaccurate but was contradicted and discredited by the testimony of the defendant and of witnesses produced by him who are men of high standing in the community having no interest in the controversy and whose statements the Court must look upon as entirely unbiased and unprejudiced. For instance, plaintiff Jose Vega stated that he worked continuously for the defendant from October 24, 1938, to April 6, 1942, while defendant's witness Gerardo Benito testified in the most specific terms leaving no doubt as to his veracity, that Jose Vega worked for him as a care-taker of a house in the hill region of Jajome on the road between Cayey and Guayama from the month of September 1939 until around August 1940.

The plaintiffs' testimony that they worked continuously for the defendant during the respective periods hereinabove stated was also contradicted and discredited by the testimony of defendant's witnesses Miguel Fernandez, an ex-employee of the Puerto Rico Reconstruction Administration, who stated categorically that the defendant was working for the said Administration since 1937, and that when the witness left the

organization on August or September 1940, the defendant was still working there. Plaintiff Jose Vega when confronted with this situation attempted to explain that while Cabrera was working for the Puerto Rico Reconstruction Administration during the day, that he (Jose Vega) then worked with Cabrera during the night, but this is in contradiction with the same plaintiff's former statement that throughout the period he worked with Cabrera from four o'clock in the morning; and furthermore, the Court cannot believe the statements of said plaintiff that the Arroyo Dock was open during night time to deliver merchandise to Cabrera's trucks whenever they went there after Cabrera had worked during the day for the P.R.R.A. This very same plaintiff admitted on the witness stand that during the periods of his claim he worked in some Federal projects together with the defendant Cabrera but that they were employees of the Government and were paid by it and not by Cabrera.

There is also the fact, with reference to the more specific statements of the plaintiffs, attempting to bring their alleged work with Cabrera under interstate activities, to wit, the transportation of sugar and butanol from Central Lafayette; of sugar from Central Guamani, and of rum from the house of Nieves & Company, the testimony of the plaintiffs was contradicted and entirely discredited by the testimony of the defendant's witnesses Agustin M. de Andino, Manager of Central Lafayette; Miguel Rovira Sanchez of the house of Nieves & Company; and Manuel Duran of Central Guamani, all of whom testified that none of their products were transported by Cabrera before April, 1942.

Plaintiffs were given ample opportunity to examine the records of Central Lafayette, Nieves & Company and Central Guamani and to bring in any evidence they could find to rebut the testimony of Messrs. Andino, Rovira and Duran, but plaintiffs failed to produce any such evidence.

On the other hand, the plaintiffs brought in on rebuttal the witnesses Hernan Fourquet and Ernesto Ruiz, of the Ponce Pier, who stated that from 1940 on they had seen the plaintiffs working for Cabrera and coming to the Ponce Pier occasionally, once or twice a week, to bring or take merchandise. It appears from the testimony of the said witnesses that there were no records available to show what merchandise was actually taken from or brought to the Ponce Pier by Cabrera's trucks, so that they were testifying from memory. It is significant that in their testimony Fourquet and Ruiz stated that Cabrera had brought butanol from Central Lafayette to the Ponce dock during the year 1941. This I cannot accept in view of the testimony of Mr. Andino, of Central Lafayette, to the effect that butanol from the said Central was not transported by Cabrera before April 1942.

The plaintiffs' evidence is insufficient to sustain the allegations of the complaint. In fact the preponderance of the evidence is clearly against plaintiffs' claim.

Let judgment be entered dismissing the complaint with costs.